DENNIS v. FIDELITY MUTUAL LIFE INSURANCE CO.

1. INSURANCE—DEFENSES—CONTRACTS—EXECUTION.

In an action on a life insurance policy which had never been delivered to the insured during his lifetime, and on which the first premium was not paid, the defense that the nonpayment of the premium was in violation of the express terms of the agreement, was not waived by a letter refusing to furnish blank proofs of loss on the ground that no delivery had been made and the first payment was not received by the company or its agent.

2. SAME—LIFE INSURANCE—WAIVER.

The consent of an agent for a life insurance company to accept a note for part of the first payment on a policy which

was not delivered to the insured before his death, the note never having been executed, is not a waiver of the condition in the policy requiring full payment as a condition precedent.

3. SAME—EVIDENCE—EXCLUSION AND ADMISSION OF TESTIMONY.
It was not error to exclude from evidence testimony tending to show that the premium was charged by the defendant to its agent, that statements of the amount due had been mailed to the insured, that the agent had given a bond to secure the company and that the policy had been returned to the company, after an unauthorized delivery, by reason of threats.

Error to Wayne; Brooke, J. Submitted December 13, 1909. (Docket No. 36.) Decided February 3, 1910.

Assumpsit by Lizzie S. Dennis against the Fidelity Mutual Life Insurance Company on a policy of insurance. A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on writ of error. Affirmed.

*Jonathan Palmer, Jr.* (*Elbridge F. Bacon*, of counsel), for appellant.

*Lucking, Emmons & Helfman*, for appellee.

HOOKER, J. Houghton was a solicitor for the defendant life insurance company. He solicited one Dennis to take a policy with said company, and in the course of the negotiations Dennis was informed that the payment of the first premium could be in cash, or half cash and note, as should be arranged when the policy should be delivered. He thereupon determined to apply for a policy, and signed a written application for a policy of $2,000. This application contains this agreement, viz.:

"That the policy issued hereon shall not become binding on the company until the first payment due thereon shall have been actually received by the company or its authorized agent and the policy delivered to me during my lifetime and continued good health."

It was dated January 19, 1906, and was sent to defendant's home office, and a policy was executed and returned

to the general agency in Detroit, and by a clerk in that office to Houghton, who was expected to collect the premium and deliver the policy. Upon the back of this policy was the following:

" General Precedent Conditions. The application, copy of which is given on third page, forms the sole basis of this contract, which shall not be operative or binding until the actual payment of the initial premium, and delivery of the policy during the lifetime and good health of the insured."

Houghton saw Dennis several times, and the latter made some promises to call and pay for the policy, which he did not keep. On the other hand, he called twice in Houghton's absence to see about the matter, and on one of the occasions when the parties met the policy was looked over, and considered. It seems that there had been a change in the statement of the applicant's age as first stated from 57 to 58 years, which had the effect of increasing the rate from that contemplated by the parties. At all events the matter was not closed up by payment and delivery of the policy.

The plaintiff testified that Houghton called on February 26th about 9 a. m., showed the policy to her ready for delivery, and she told him that Mr. Dennis would settle with him in the afternoon, and take the policy. Houghton replied: " Very well, Mrs. Dennis; it will be all ready." Dennis died the same morning, between 10 and 11 o'clock. Dr. Bailey was Dennis' physician. He was informed of Dennis' death by telephone, in the afternoon. Bross, a relative of the Dennis family, came to his office that afternoon, and Houghton was telephoned for. On his arrival Bross paid the premium to Houghton in cash, and the policy was delivered to Bailey, and he delivered it to Mrs. Dennis. Houghton testified that Bailey told him of the death of Dennis before any money was paid, and that the policy was delivered to Dr. Bailey or Bross, on the agreement that, if it was not right for Houghton to deliver it, they would get the policy and return it to Houghton, which

was afterwards done, and the money was returned to Bross. This action was afterwards commenced, and the learned circuit judge directed a verdict for the defendant, upon the ground that, under the contract consisting of the application and policy, and the admitted fact that there was no payment of premium or delivery of the policy until after Dennis was dead, plaintiff could not recover. Assuming, but not deciding, that Houghton had authority to accept cash, part cash and part note, or note in full payment of the first premium, the admitted fact remains that during the life of the applicant no payment of any kind was made or tendered, nor was the policy delivered to him, or any one for him. Under the express terms of both application and policy the latter was not to become binding or operative until the initial premium should be paid, and the policy delivered during the lifetime and continued good health of the applicant.

Counsel for plaintiff contend:

(1) That the defendant waived its right to insist on the nonperformance of this condition, by not basing its claim of nonliability on this ground in the letter of January 15, 1907. That letter was written in answer to a request for blank proofs of loss, made on behalf of the plaintiff. It is as follows:

"Mr. JONATHAN PALMER, Jr.,
            "Moffat Building,
                        "Detroit Mich.

"*My Dear Sir:* Answering yours of the 10th inst., would say that while Mr. George M. Dennis made application to this company for a policy of insurance on his life, and the above-numbered policy was issued, such policy was never delivered to Mr. Dennis in his lifetime, and no payment whatever on account thereof was ever made by him. The application provided that the applicant expressly agreed 'that the policy issued hereon shall not become binding on the company until the first payment due thereon shall have been actually received by the company or its authorized agent, and the policy delivered to me during my lifetime and continued good health.' The policy never having been delivered to Mr. Dennis or the

first premium paid, there was no contract of insurance and Mrs. Dennis has no valid claim against this company by reason of the transaction, we therefore do not comply with your request to send you blank forms for making proof of death and presentation of a claim by her under the policy.

"Very truly yours,
"F. H. CALKINS,
" Sup't Claim Dept."

(2) The court erred in instructing the jury that:

" I have permitted the plaintiff to put in testimony relating to the custom of settlement and the extension of time and so on, but I charge you that all that testimony becomes immaterial in view of the admitted facts that no settlement of any kind was made for this policy until five hours after the captain's death.

" It is an unfortunate thing that the insured and his family permitted the matter to rest until it became too late to comply with the law in such a manner as to make this insurance available for his family, but under the admitted facts in the case, and there is no dispute about any of them that are material to the issue, I feel constrained to direct a verdict of no cause of action."

(3) That the court erred in excluding evidence to show that when the policy was delivered to Houghton he was charged by the company with the amount of the premium.

(4) That the court erred in excluding an offer to show that Houghton gave a bond to the company to secure any indebtedness which he might owe it for moneys collected on policies, or on policies delivered to him for delivery to other parties.

(5) That the court erred in excluding an answer to the question put to Miss Hutchinson, " Why was it [the policy] returned ?"

1. Estoppel. We are of the opinion that the letter quoted clearly implied that the defendant relied on the defense afterward made.

2. Waiver of the Condition. This claim is based on an alleged agreement to give time on this premium; i. e., to

take cash or note in settlement for the premium. There is nothing to show that any one expected that the policy would be delivered until it should be settled for in one of these ways, and there is no evidence that warrants the belief that anybody expected that the policy would be delivered or become binding, and that the agent Houghton would trust the assured for the premium without payment by cash or note and delivery of the policy. The fact that the applicant called at the insurance office ostensibly to make settlement by note for the policy, and, upon being informed that he could not do so without seeing Mr. Houghton, with whom his negotiations were pending, went away, indicates no waiver, nor was it such an offer of payment as to make the policy operative. He afterwards saw Houghton several times, who repeatedly asked him to settle, but he put him off for one reason or another. There is no evidence in the case justifying an inference that there was any agreement that the agent would deliver the policy until it was settled for, or that it should be operative meantime. Much authority is cited on the subject of a forfeiture that is inapplicable.

3, 4, 5. Exclusion of Testimony. Upon this record the rulings on the admission of testimony complained of cannot affect the result. Whether this premium was charged by the company against the agent or not, it conclusively appears that neither party expected delivery of the policy until settled for. The agent had a right to protect himself by a settlement before permitting the policy to become operative. Moreover, there is nothing that indicates that the statements alleged to have been mailed or sent to Houghton were more than memoranda of policies, sent to him for delivery, showing the amount of premiums upon them. The exclusion of proof that Houghton had given a bond to the company was proper, as that fact would not prove whether the company had accepted Houghton's promise for the premium. Neither was it of any importance whether the policy was returned by reason of threats. The case would be no different had it not been surrendered;

for, measured by the express terms of both application and policy, the delivery was not such a delivery as the contract required, and was a fraud on the insurance company by the parties obtaining and the agent permitting it.

Upon the undisputed proof in this cause there was no alternative but to direct a verdict for the defendant. Judgment affirmed.

MONTGOMERY, C. J., and MOORE, McALVAY, and BLAIR, JJ., concurred.